# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| KAREN L. MOREY,<br><br>      Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br>      Defendant. | **CV-23-59-GF-BMM**<br><br>**ORDER** |

## INTRODUCTION

Plaintiff Karen L. Morey ("Morey") filed this action in the Asbestos Claims Court of the State of Montana, Twenty-Third Judicial District on September 18, 2023. (Doc. 1-2 at 60.) RTX Corporation ("RTX") removed this action on the basis of federal officer removal jurisdiction, pursuant to 28 U.S.C. § 1442(a)(1), on September 29, 2023. (Doc. 1). The Court dismissed Plaintiff Leonard D. Love ("Love") and all of his claims without prejudice on November 27, 2023. (Doc. 167.) RTX is no longer a party to this action because Morey asserts no claim against it. The Court remands this action back to the Asbestos Claims Court of the State of Montana, Twenty-Third Judicial District, based on the following discussion.

## FACTUAL BACKGROUND

This case concerns alleged asbestos exposure in Libby, Montana. Morey is a resident of Libby, Montana. (Doc. 22 at 3.) Morey claims that she was continuously exposed to asbestos, and, as a result, developed malignant pleural mesothelioma. (*Id.* at 8.) Morey was diagnosed with mesothelioma in November 2022. (*Id.*)

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Federal courts can adjudicate only those cases that the Constitution or Congress authorize them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts maintain an "independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 (2011); *see also Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (courts retain a *sua sponte* obligation to examine subject matter jurisdiction even if no party raises the issue.) "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

Former defendant FTX removed this action on the basis of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). (Doc. 1). Section 1442(a)(1) of Title 28 of the U.S. Code provides in pertinent part:

a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending . . .

   1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . ..

*Id.* Federal officer removal is proper where a defendant 1) is a federal officer or a person "acting under" a federal officer; and 2) raises a federal defense. *See Mesa v. California*, 489 U.S. 121 (1989).

It is widely recognized that a district court retains the discretion to either adjudicate or remand the remaining state claims if the federal officer party is dismissed. *See* 14C C. Wright & A. Miller, Fed. Prac. & Proc. § 3726, Removal of Particular Cases—Federal Officers and Agencies (Rev. 4th ed.); *see also Gulati v. Zuckerman*, 723 F. Supp. 353, 359 (E.D. Pa. 1989); *Spencer v. New Orleans Levee Bd.,* 737 F.2d 435, 438 (5th Cir. 1984).

Numerous cases exist where district courts have declined to remand actions after the federal officer party has been dismissed. *See, e.g.*, *Myers v. Moore Eng'g,*

*Inc.*, 42 F.3d 452, 454 (8th Cir. 1994). The Court recognizes that relevant factors in determining whether to remand an action include the stage of the proceedings, the time passed since removal, and considerations of comity, federalism, judicial economy, and fairness. *See* C. Wright & A. Miller, Fed. Prac. & Proc. § 3726 (Rev. 4th ed.). The Court determines that remand proves appropriate.

This action remains in its early stages, as it originally had been filed in the Montana Asbestos Claims Court on September 18, 2023. (Doc. 1-2 at 60.) Discovery has not yet begun. The Court recently dismissed Morey's co-plaintiff Love and his associated claims. (*See* Doc. 167.) This dismissal required the removal of more than 30 defendants. (*See id.*) The parties dismissed include RTX, the party that initiated federal officer removal. (*See* Doc. 1.) Burlington Northern Santa Fe Railway Company ("BNSF") stands as the only remaining defendant.

The Court recognizes that the plaintiffs filed this action in the Asbestos Claims Court of the State of Montana, a specialty court created by the Montana Supreme Court in 2017 specifically to adjudicate asbestos exposure cases. *See In Re Asbestos Litigation*, Cause No. AC 17-0694 (Nov. 28, 2017) (order establishing the Asbestos Claims Court and consolidating cases). The Court determines that remanding this action to the Asbestos Claims Court furthers the principles of comity and federalism because it recognizes the interest Montana has in the adjudication of asbestos exposure actions and the subject matter expertise of the Montana Asbestos Claims

4

Court. The Court recognizes further that neither party likely will suffer prejudice by remand because this action remains in its early stages.

A possibility exists, admittedly, that the Court may retain this action pursuant to diversity jurisdiction. *See* 28 U.S.C. § 1332. Morey asserts two claims for relief against BNSF: 1) a claim of negligence; and 2) a claim of common law strict liability. (*See* Doc. 1-2 at 25-26.). The complaint states that BNSF is a Delaware corporation with its principal place of business in Texas. (*Id.* at 12.) The complaint does not provide a sum certain figure, however, for the relief sought by Morey. (*See id.* at 47-48.)

Morey instead seeks "reasonable damages" for the lost enjoyment of her established course of life, for the loss of services, for the physical, mental, and emotional pain, for medical expenses, rehabilitation expenses, and related expenses, for advance payment of medical expenses and special damages not in dispute, and for payment of costs. (*Id.*) Diversity jurisdiction exists where the plaintiff claims damages of more than $75,000. 28 U.S.C. § 1332(a). A court must determine the amount in controversy from the allegation or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The Court determines that this action, as pleaded, fails to meet the requirements for diversity jurisdiction. This factor further supports the Court's determination that remand proves appropriate.

## ORDER

Accordingly, **IT IS ORDERED:**

1. This action is remanded to the Asbestos Claims Court of the State of Montana, Twenty-Third Judicial District.

DATED this 30th day of November, 2023.

_____
Brian Morris, Chief District Judge
United States District Court